**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Shumway, et al., | No. CV-23-00699-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Allstate Vehicle and Property Insurance Company, | |
| Defendant. | |

This is a putative class action arising out of a dispute between Arizona policyholders and their property insurer. Pending now is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Rule 12(b)(6) motion to dismiss Plaintiff Lillie Hernandez's Second Amended Complaint ("SAC") for failure to state a claim. (Doc. 35.) The motion is fully briefed, and neither side has requested oral argument. (Docs. 35, 38, 41.) For the following reasons, the motion is denied.

**I.     BACKGROUND**[1]

This case concerns how Allstate calculates its actual cash value ("ACV") payment obligations for structural property losses. (¶ 1.) Pursuant to Allstate policy forms, ACV payments are made prospectively—that is, prior to the policyholder undertaking repairs to damaged building and structures.[2] Allstate uses two types of policy forms: (1) those that

---

[1] This section draws from the allegations in the Second Amended Complaint (Doc. 34), which are accepted as true for the purposes of this order.
[2] In contrast, replacement cost value ("RCV") payments are made retrospectively—that is, after repairs have been completed. (¶ 2.)

expressly address the subject matter of future repair labor and expressly permit the withholding of future labor as "depreciation" from the ACV calculation, and (2) those that do not address future repair labor. The forms that expressly address and permit depreciation of labor are referred to as "labor permissive forms." (¶ 3.) The instant action does *not* involve any insurance claims involving labor permissive forms. Rather, this case only concerns claims for which Allstate chose to depreciate future repair labor after Allstate chose not to issue the insurance policy with a labor permissive form. (¶ 5.)

Hernandez, the named plaintiff of the putative class, contracted with Allstate for an insurance policy providing coverage for certain losses to her house. (¶ 22.) Hernandez alleges that her policy does not include a labor permissive form, nor does it allow the withholding of labor as depreciation for any portion of the loss. (¶ 29.) Hernandez's policy requires that ACV payment obligations be calculated pursuant to the replacement cost less depreciation ("RCLD") method. (¶ 30.) Under the RCLD method, Allstate calculates its ACV payment obligations by first estimating the cost to repair or replace the damage with new materials (replacement cost value, or "RCV") and then subtracting the estimated depreciation.[3] (¶ 28.)

On or about August 18, 2022, Hernandez's home suffered damage. (¶ 25.) Hernandez timely submitted a claim to Allstate requesting payment for the covered loss, and Allstate determined that the loss was covered by Hernandez's Policy. (¶ 26.) In adjusting Hernandez's claim, Allstate used the RCLD methodology to calculate the loss and make its ACV payments. (¶ 31.) When Allstate calculated Hernandez's ACV benefits, Allstate withheld as "depreciation" the costs for both the materials and labor[4] required to repair or replace the buildings and structure. (¶ 40.) Hernandez alleges that by withholding as depreciation the labor costs associated with the repair or replacement of Hernandez's

---

[3] Allstate uses commercially-available computer software—Xactimate—to estimate the RCV, depreciation, and ACV. (¶ 32.) Xactimate software exclusively uses the RCLD methodology to calculate the ACV of property damage. (¶ 33.)

[4] "Labor," as referred to in the SAC, means "intangible non-materials, specifically including both the labor costs and the laborers' equipment costs and the contractors/laborers' overhead and profit necessary to restore property to its condition *status quo ante*, as well as removal costs to remove damaged property." (¶ 42.)

property, Allstate paid Hernandez ACV payments less than the amount she was entitled to receive under her policy, and therefore Allstate breached its obligations under the policy. (¶ 43.)

Based on these allegations, Hernandez, on behalf of a putative class, asserts the following counts: (1) breach of contract, and (2) declaratory judgment that Allstate's property insurance contracts prohibit the withholding of labor costs when adjusting losses under the methodology described above.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A claim is not plausible if the complaint clearly discloses a "complete and obvious defense" to the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *ASARCO, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Dismissal of a complaint, or any claim within it, may be based on either a "lack of a cognizable theory" or "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, a court must accept well-pleaded factual allegations in the complaint as true, but not "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as factual allegations." *Iqbal*, 556 U.S. at 678–79. A court is also not required to accept as true "allegations that contradict matters properly subject to judicial notice or exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1       Ordinarily, a court may not consider evidence outside of the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

**III. ANALYSIS**

      Allstate makes the following arguments for why dismissal of the SAC, and claims within the SAC, is warranted: (1) the original named plaintiffs, Naomi and Peter Shumway, lacked standing to sue, and so Hernandez also lacks standing; (2) Hernandez's claims are time barred by a one-year limitations period contained in her policy with Allstate; (3) declaratory judgment is improper because Hernandez has an adequate remedy at law; (4) the Court should decline to address Hernandez's declaratory relief claim because it needlessly interferes with state law issues; and (5) Hernandez has not stated a viable class claim. (Doc. 35.) The Court addresses each issue in turn.

      A. <u>Whether Hernandez has standing to sue?</u>

      Allstate contends that Hernandez lacks standing to sue because the original-named plaintiffs, the Shumways, lacked standing to sue. Under Ninth Circuit precedent, "where the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal." *Almeida v. Google, Inc.*, No. C-08-02088 RMW, 2009 WL 3809808, at *2 (N.D. Cal. Nov. 13, 2009) (citing *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)). This rule "would seem to apply with equal force whether intervention of a new plaintiff is achieved by Rule 15 amendment or Rule 24." *Id.*

      Here, the original plaintiffs were Naomi and Peter Shumway. The Shumways filed their complaint in April of 2023. (Doc. 1.) On August 18, 2023, the Shumways filed an amended complaint adding Hernandez as an additional named plaintiff. (Doc. 23.) Subsequently, in September of 2023, the Shumways filed a voluntary dismissal of their

claims (Doc. 29), and Hernandez filed the SAC, removing allegations implicating the Shumways (Doc. 34).

Allstate makes three arguments as to why the Shumways lacked standing: (1) the Shumways' claims were time barred by the limitations period contained in their policy with Allstate; (2) the Shumways received an appraisal award and therefore have been paid in full for any withheld costs (including labor costs); and (3) the Shumways lacked cognizable damages when they filed this action because the Shumways sought prejudgment interest despite only alleging unliquidated damages.[5] (Doc. 35 at 7–10.) In response, Hernandez argues that Allstate "improperly conflates the Shumways' standing with the merits of their claims considering Allstate's affirmative defenses." (Doc. 38 at 3.) The Court agrees with Hernandez.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180–81 (2000). "[T]he threshold question of whether [a] plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, '[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). "For purposes of ruling on a motion to dismiss for want of standing, [the Court] must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific

---

[5] Allstate's lack of cognizable damages argument asserts that under Arizona law, prejudgment interest will not be awarded on unliquidated damages. (Doc. 35 at 10–11.) Allstate maintains that because the Shumways could not establish liquidated damages, they lacked cognizable damages in the form of prejudgment interest. (*Id.*)

facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).

The Court is satisfied that the Shumways had standing to sue. Like Hernandez, the Shumways alleged that they had an insurance policy providing for coverage for losses to their home and that their policy contained no labor permissive form. The Shumways alleged that their property suffered damage covered by their insurance policy and that Allstate, in calculating its ACV payment obligations, withheld the cost of future labor as "depreciation," thereby underpaying the Shumways the amount they were owed under their policy. And like Hernandez, the Shumways alleged claims for breach of contract and for declaratory judgment. (Doc. 1.) Accepting these allegations as true and construing the complaint in a light favorable to the Shumways, the Court finds that the Shumways had standing to sue Allstate.

The three issues Allstate raises—that is, whether the Shumways' claims are contractually time-barred, whether the Shumways' appraisal award covers the cost of the claimed withheld labor costs, and whether the Shumways lack cognizable damages in the form of prejudgment interest—are arguments that reach the merits of the Shumways' claims, not the Shumways' Article III standing.[6] The Court is not persuaded that the Shumways lacked standing to sue and therefore declines to dismiss the action on these grounds.

B. Whether Hernandez's claims are time barred?

Allstate next contends that Hernandez's claims are time barred by a one-year limitations period contained in her insurance policy.[7] Hernandez's policy with Allstate

---

[6] To the extent that Allstate relies on these three arguments to assert that the complaint fails to state a plausible claim for relief, this argument would also fail given that Hernandez's SAC supersedes the original complaint. *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) ("In their motion papers, Defendants rely on allegations in the FAC that are not present in the SAC to support their argument for dismissal. However, it is well-established than an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading."). Any allegations concerning the Shumways' insurance policy and their alleged damages were included in the original complaint, not the SAC, and therefore are not relevant to the instant 12(b)(6) motion.

[7] Allstate has provided a copy of Hernandez's policy. (Doc. 35-1.) Although the Court does not ordinarily consider evidence outside of the pleadings in ruling on a 12(b)(6)

- 6 -

provides the following:

> **Action Against Us**
>
> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:
>
> a) there has been full compliance with all policy terms; and
>
> b) the action is commenced within one year after the inception of loss or damage.

(Doc. 35-1 at 49.) Because Hernandez's loss occurred in August 2020 and this case commenced in April of 2023, Allstate asserts that Hernandez's claims are time-barred. (Doc. 35 at 11.)

In response, Hernandez contends that under Arizona law, for an insurer to enforce a clause shortening the applicable statute of limitations, the insurer must show "prejudice by reason of the delay in filing suit." (Doc. 38 at 8.) Hernandez also notes that for a complaint to be dismissed on the grounds that it is time barred, it must "appear beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." (*Id.* at 6 (quoting *Martin v. Gen. Motors LLC*, 641 F. Supp. 3d 659, 661 (D. Ariz. 2022).) The Court, again, agrees with Hernandez.

"Arizona courts have enforced contractual limitation periods in insurance policies[] but have made clear that the key inquiry in whether the insurer would be prejudiced by the filing of a claim after the period has expired. If the insurer does not show prejudice, the limitation period will not be enforced." *Scottsdale Condo-Bus. Ctr. Ass'n, Inc. v. Sentinel Ins. Co., Ltd.*, No. CV-13-01727-PHX-DGC, 2013 WL 5887236, at *2 (D. Ariz. Oct. 31, 2013) (citing *Zuckerman v. Transamerica Inc. Co.*, 650 P.2d 441, 444 (Ariz. 1982)).

Allstate asserts that Hernandez's delayed lawsuit has caused it prejudice because it has "denied Allstate the ability to address her claims in this Action (including addressing issues as to the status of the Insured Property since her 2020 date of loss) on a timely basis." (Doc. 35 at 11.) Allstate also vaguely states that Hernandez filed a second claim for damage

---

motion, because the policy is incorporated by reference in the SAC, the Court will consider it. *See Ritchie*, 342 F.3d at 907.

- 7 -

to her property that occurred *after* the claim she sues on in the SAC and thus "Allstate has been prejudiced in its ability to differentiate effectively between the two claims." (*Id.*)

The Court does not find that Allstate has suffered prejudice. The mere late filing of a claim is an insufficient basis for enforcing the policy's limitation period. *Id.* ("As the Arizona Supreme Court explained in *Zuckerman*, when a policy's limitation period appears in the boilerplate language of the policy, it will not be enforced unless the lateness of the claim imposes some prejudice on the insurer other than the obligation of responding to the claim."). Moreover, it is unclear how commencement of the suit itself has prejudiced Allstate's ability to differentiate between Hernandez's two claims. It would seem that irrespective of the suit, Allstate would have before it two claims for coverage under Hernandez's policy and would need to differentiate between the two. Without more, the Court does not find that Allstate has suffered prejudice such that enforcement of the one-year limitations period is warranted. Accordingly, the Court denies Allstate's motion to dismiss on this basis.

      C.  <u>Whether declaratory judgment is improper because an adequate remedy at law exists?</u>

Allstate argues that Hernandez's claim for declaratory relief is improper because an adequate remedy at law exists and the declaratory judgment claim is duplicative of Hernandez's contract claim. Specifically, Allstate asserts that "Hernandez's contract claim involves the same factual dispute as her declaratory judgment claim," and thus "Hernandez should be able to secure full, adequate, and complete relief under her contract claim." (Doc. 35 at 12–13.) Hernandez responds by arguing that her contract claim "seeks money damages," but "the declaratory relief claim is broader in that it seeks a declaration concerning the proper policy interpretation *and* contemplates a prospective prohibition on the offending practices." (Doc. 38 at 12.)

Allstate is correct in that "[t]he availability of other adequate remedies may make declaratory relief inappropriate." *StreamCast Networks, Inc. v. IBIS LLC*, No. 15-cv-04239-MMM, 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006). However, declaratory

relief remains appropriate "where a breach of contract claim will not settle all of the contractual issues concerning which plaintiff seeks declaratory relief." *Id.*

Here, Hernandez seeks "a declaration that Allstate's property insurance contracts prohibit the withholding of labor costs as described herein when adjusting losses under the methodology employed herein." (Doc. 34 ¶ 78.) Whereas Hernandez's contract claim seeks relief for a breach of contract, her declaratory judgment claim "seeks a declaration with respect to duties arising under the contract not only in the past, but also in the present and future." *Brown v. State Farm Fire & Cas. Co.*, No. 2:23-cv-04004-MDH, 2023 WL 5599630, at *5 (W.D. Mo. Aug. 29, 2023); *see also Ophir Corp. v. Honeywell Int'l Inc.*, No. CV-17-020833-PHX-GMS, 2018 WL 4257966, at *6 (D. Ariz. Sept. 6, 2018) (declining to dismiss declaratory relief merely because certain issues overlapped with the breach of contract claims). At this stage of the litigation, it is not clear that the declaratory relief claim is entirely duplicative of the contract claim, and so the Court will not dismiss it. *Id.* (holding same).

D. Whether the Court should abstain from deciding the declaratory judgment issue?

Allstate also argues that the Court should decline to address Hernandez's declaratory relief claim because the claim needlessly interferes with state law issues. (Doc. 35 at 13.) District courts "should avoid needless determination of state law issues" and should "discourage litigants from filing declaratory actions as a means of forum shopping." *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. . . . Indeed, when other claims are joined with an action for declaratory relief (e.g. . . . breach of contract), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Id.*; *see also id.* n.6 ("Because claims of . . . breach of contract . . . provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a 'virtually unflagging'

obligation to exercise jurisdiction over these claims.") (quoting *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir. 1997)). Given that this case involves both a claim for breach of contract and declaratory relief, abstention is not appropriate here.

E.  <u>Whether Hernandez has stated a plausible class action claim?</u>

Last, Allstate makes three arguments as to why Hernandez has failed to state a plausible class action claim: (1) because Hernandez does not have standing, the class lacks a representative; (2) the claims raised are inappropriate for class action treatment because individual factual issues will necessarily predominate over any common legal questions; and (3) the maintenance of the action as a class action may violate the rule against splitting a single cause of action. The Court disagrees.

As to Allstate's first contention, the Court already disposed of Allstate's argument that Hernandez lacks standing. Accordingly, the Court finds that Hernandez can plausibly represent the putative class.

Allstate's second contention that labor depreciation claims are inappropriate for class action treatment fails for a couple reasons. First, it would be premature at this stage of litigation for the Court to decide whether the labor depreciation claims at issue here are appropriate for class action treatment. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) ("[D]ismissal of class allegations at the pleading stage should be done rarely and . . . the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery."). Second, Allstate provides no support the proposition that such class treatment is inappropriate or unfeasible. Indeed, courts in other circuits have found to the contrary, approving certification of classes involving identical issues. *See e.g.*, *Generation Changers Church v. Church Mut. Ins. Co.*, No. 3:21-cv-00764, 2023 WL 6206152, at *16 (M.D. Tenn. Sept. 22, 2023) (certifying class in labor depreciation challenge); *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 460 (6th Cir. 2020) (affirming district court's grant of class certification). "[I]n jurisdictions where labor depreciation is unlawful, as is the case here, courts have uniformly found that common questions predominate in cases challenging

insurers' depreciation of labor costs." *Arnold v. State Farm Fire & Cas. Co.*, No. 2:17-cv-00148-TFM-C, 2020 WL 6879271, at *8 (S.D. Ala. Nov. 23, 2020).

Allstate's third argument is that the "maintenance of this Action as a class action poses a real danger that Allstate policyholders other than Hernandez may be precluded from suing for any items other than depreciated labor costs in connection with their homeowners' claims." (Doc. 35 at 16.) Allstate relies on the rule against claim splitting in making this argument. The Court is, again, not persuaded.

To start, Allstate asserts that maintaining this case as a class action *may* implicate the rule against claim splitting but fails to affirmatively identify any policyholders that are currently asserting claims against Allstate other than for depreciated labor costs. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). At this time, any issues regarding claim splitting are only theoretical. For the rule to come into play, there needs to be two separate actions involving the same claims and defendants; the mere possibility, however, that a second action *could* arise is insufficient to warrant dismissing the putative class.

Moreover, the Court does not find this risk of claim splitting to be as great a "danger" as Allstate asserts. "[T]he claim splitting doctrine does not extinguish a subsequent claim when the plaintiff is unable to present the claim in the prior action, such as where there are limitations in the subject matter jurisdiction of the court in the prior action or restrictions on their authority to entertain multiple theories or demands for multiple remedies. Thus the rule against claim splitting does not apply when a member of a class subsequently seeks to pursue a claim that was not litigated in the class action." *Rodriguez v. Taco Bell Corp.*, No. 1:13-cv-01498-SAB, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013) (internal citation omitted). In short, the Court finds that Hernandez has stated a plausible putative class action claim. Accordingly,

/ / /

/ / /

**IT IS ORDERED** that Allstate's Motion to Dismiss (Doc. 35) is **DENIED.**

Dated this 9th day of July, 2024.

_____
Douglas L. Rayes
Senior United States District Judge